Alan Blum, Plaintiff-Appellant, v. City of Chicago, James Conlisk, Superintendent of Police, Chicago Police Department, Cornelius Deasy, Russell Pfeiffer, Defendants-Appellees.

Gen. No. 53,048.

First District, Fourth Division.

June 10, 1970.

Caplan, Turner & Golding, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen, Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff has appealed from a decision of the trial court that denied plaintiff's complaint for the recovery of certain goods and for damages for their detention. Plaintiff's theory on this appeal is that his complaint fully complied with the Replevin Act, and that he was therefore entitled to judgment. Ill Rev Stats 1967, c 119.

The verified complaint states that defendants detained goods and chattels of plaintiff valued at $1,683. The goods are described in detail.* Plaintiff's pleading also claimed return of the goods and chattels or their value and $1,000 damages for their detention. The complaint contained no further allegations.

While plaintiff contends that the evidence established his case, defendants argue that it failed in several re-

---

* The list includes two revolvers, one Luger, three rifles, one shotgun, one pocket-size phone book, one pocket notebook, a transistor radio, a roll of film with mailer, and personal photographs.

* See Callaghan's Illinois Digest, same topic and section number.

229

spects and that plaintiff failed to state a cause of action in his complaint since it lacked allegations which were necessary to permit recovery under the express provisions of the statute. Section 4 of the Act requires that:

> An action in replevin shall be commenced by the filing of a verified complaint which describes the property to be replevied and states that the plaintiff in such action is the owner of the property so described, or that he is then lawfully entitled to the possession thereof, and that the property is wrongfully detained by the defendant, and that the same has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him individually, nor seized under any execution or attachment against the goods and chattels of such plaintiff liable to execution or attachment, nor held by virtue of any writ of replevin against such plaintiff. Ill Rev Stats 1967, c 119, § 4.

A comparison of the elements of replevin required to be alleged by statute and the elements which were alleged in the instant complaint demonstrates that plaintiff's complaint did not meet the statutory requirements. Plaintiff failed adequately to assert that he was the owner of the goods, that he was lawfully entitled to their possession, or that the property was being "wrongfully" detained. The complaint also failed to allege that the property had "not been taken for any tax, assessment, or fine," or "seized under any execution," or "held by virtue of any writ," etc.

We find that these omissions in the pleading (on which there was also no evidence introduced) cannot be remedied by liberal construction, for the complaint as it stands does not state a valid cause of action in replevin. See Fanning v. LeMay, 38 Ill2d 209, 230 NE2d 182. Replevin is a statutory proceeding and must be strictly

followed. O'Toole v. Klimek Boat and Engine Works, 24 Ill App2d 111, 114, 164 NE2d 253. Since the Replevin Act sets forth specifically what allegations shall constitute a cause of action, the ordinary rules of pleading must yield to the explicit requirements of the statute.

██ This is not merely a case in which a good cause of action is defectively stated in a way which would prevent the instant issue from being raised for the first time on appeal, as it was. This is, rather, the kind of case in which no cause of action in replevin was stated and thus presents a question which is always open to consideration in a court of review. Wilson v. Board of Education of School Dist. No. 126, 394 Ill 197, 201, 68 NE2d 257. Furthermore, it is open to an appellee to argue for affirmance of the trial court's judgment on any ground supported by the record. Miller v. Chicago Transit Authority, 78 Ill App2d 375, 381, 223 NE2d 323.

The judgment of the Circuit Court is affirmed.

Affirmed.

STAMOS, P. J. and DRUCKER, J., concur.