Commonwealth *v.* Knuckles, Appellant.

Submitted June 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles J. King, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* Executive Assistant District Attorney, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

The issue presented in the instant appeal is whether appellant has been denied effective assistance of counsel in his attempt to secure relief under the provisions of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. Appellant filed a Post Conviction Hearing Act petition, and the Public Defender of Montgomery County was appointed to represent him, pursuant to Section 12 of the Act. An evidentiary hearing was held after which counsel sent the following letter to the court:

"Dear Judge Honeyman:

"I have obtained the Notes of Testimony from the Post Conviction Hearing on October 14, 1970, and after researching the facts and law pertaining to the case, I find that [appellant's] allegations are frivolous and devoid of merit. I, therefore, request the Court to allow me to withdraw as counsel and have a continuance of this matter to allow [appellant] to write his own memorandum of law to the Court within a reasonable amount of time, if he so desires."

After receiving this letter, the court granted counsel's request to withdraw and ordered that appellant be given thirty days to file a brief, and that in the event he filed no brief, his Post Conviction Hearing Act petition would be dismissed.

Appellant subsequently filed a hand-written petition for assignment of counsel other than the Public Defender. This petition was dismissed. Subsequently the Court also dismissed the Post Conviction Hearing Act Petition.

The facts surrounding the withdrawal of counsel in the lower court are strikingly similar to those set forth in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, rehearing denied, 388 U.S. 924, 87 S. Ct. 2094 (1967). In *Anders,* as in the instant case, counsel wrote the court a letter that merely expressed the attorney's opinion that the case had no merit. This procedure was strongly condemned by the Supreme Court, for a "no merit" letter ". . . affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." 386 U.S. at 745, 87 S. Ct. at 1400.

*Anders,* of course, dealt with the right to effective counsel on appeal. We feel, however, that "the constitutional requirement of substantial equality and fair process", which would condemn a "no merit" letter on appeal, would also condemn such a procedure in a Post Conviction Hearing Act proceeding. As the Supreme Court said in *Anders*: "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. . . . Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Id. at 744, 87 S. Ct. at 1400.

We hold that the trial court should have required counsel to follow the procedures set forth in *Anders,* as applied to Pennsylvania in *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968). The record is therefore remanded to the court below with directions to

hold another evidentiary hearing at which time appellant is to be effectively represented by counsel.

WRIGHT, P. J., WATKINS and MONTGOMERY, JJ., dissent.