(No. 42092.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. DONALD PHELPS, Appellant.

*Opinion filed January 14, 1972.—Rehearing denied March 28, 1972.*

RICHARD N. MOLCHAN, of Peoria, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT S. CALKINS, State's Attorney, of Peoria, (THOMAS J. IMMEL, Assistant Attorney General, and JOHN D. RIDDLE, Assistant State's Attorney, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In 1964 petitioner Donald Phelps pleaded guilty in the Peoria County circuit court to count I of an indictment for murder. Upon the recommendation of the State's Attorney he was sentenced to not less than 25 nor more than 75 years imprisonment. In response to petitioner's *pro se* petition filed in 1968 pursuant to the Post-Conviction Hearing Act, (Ill.Rev.Stat. 1967, ch. 38, par. 122—1 *et seq.*), counsel was appointed and an amended petition was filed which alleged that petitioner had been illegally arrested, confined for more than 40 days without the benefit of counsel, and coerced into confessing to the crime in violation of his rights under the fifth and sixth amendments. Following an evidentiary hearing the trial court dismissed the petition, resulting in this appeal.

At the post-conviction hearing it was established that petitioner had been taken to the Peoria County jail on the night of December 15, 1963, from White County where he was being held as a parole violator. He confessed the

following day to an armed robbery, a warrant was issued, preliminary hearing waived, petitioner bound over for grand jury action and remanded to the Peoria County jail. Thereafter on February 4, 1964, petitioner confessed to the murder to which he later pleaded guilty on February 25. He was represented by counsel appointed for him on February 7 at his arraignment on the armed robbery charge. There is substantial conflict in the testimony as to the voluntary or involuntary nature of the confessions. Petitioner testified at the post-conviction hearing that he was constantly interrogated on the murder charge without being advised of his rights; that he was threatened with the death penalty' unless he confessed; that his persistent requests for an attorney were ignored and that he was coerced into confessing to the murder. This testimony was directly contradictory to that of the law enforcement officers who denied that they threatened or improperly interrogated petitioner, testified that he was advised of his constitutional rights and denied that he requested counsel during confinement.

Petitioner on this appeal pursues the same arguments that the allegedly illegal detention and improper interrogation rendered his confession and the subsequent guilty plea involuntary. He also urges that the trial court at the post-conviction hearing erred in refusing to hear evidence of the incompetency of his original counsel.

The record of the guilty plea proceedings indicates that the trial court admonished petitioner at length as to the nature of the charge and the possible sentence, informed him of his right to jury trial and of the consequences of the guilty plea, and sought to ascertain if the plea was voluntarily and understandingly offered. Petitioner admitted his act and expressed his regret; he also at that time acknowledged his satisfaction with the services of counsel who represented him. Additionally, there is in the record some indication that the plea was entered in return for the State's Attorney's recommendation as to

sentence. In short, the record of the plea proceedings totally belies petitioner's present contention that he pleaded guilty as a result of fear; to the contrary, the only reasonable conclusion to be drawn therefrom is that the plea was knowingly and understandingly entered.

It is unnecessary to determine the legality of petitioner's original detention or the voluntary nature of his confession since a voluntary plea of guilty waives all nonjurisdictional errors. *(People v. Brown, 41 Ill.2d 503.)* Likewise, that petitioner may have been motivated by his coerced confession does not invalidate his otherwise knowing and intelligent plea of guilty *(People v. Sephus, 46 Ill.2d 130; McMann v. Richardson, 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441)*, since that plea represented a voluntary and intelligent choice of the alternatives available to him. *Brady v. United States, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463; McMann; North Carolina v. Alford, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160.*

Nor do we believe that the trial court at the post-conviction hearing erred in refusing to hear evidence on the issue of the effectiveness of petitioner's original trial counsel. While the petitioner alleged ineffectiveness of counsel in his *pro se* petition, the amended petition subsequently filed by appointed counsel contained no such allegation, and, therefore, that issue was not before the court. Counsel's omission of that allegation was proper as he is under no duty to present frivolous constitutional contentions. *(People v. Polansky, 39 Ill.2d 84.)* Here, the original *pro se* petition contained only bare, conclusional allegations, made for the first time more than four years after the event and scarcely impressive in view of the contrary statements of petitioner at the time of his plea. Certainly there was nothing before the trial court requiring a hearing on the competency of original counsel. *People v. Heaven, 44 Ill.2d 249.*

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*