THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* EDDIE TOWNSEL, Petitioner-Appellant.

(No. 57110; ▮▮▮▮▮▮▮▮)

First District (2nd Division)—July 31, 1973.

Paul Bradley, Deputy Defender, of Chicago, (James R. Streicker and Charles I. Weitzman, Assistant Appellate Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane, Bernard S. Armel, and Patricia C. Bobb, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Eddie Townsel, petitioner, filed a post-conviction petition in accordance with the provisions of Article 122 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) asking the trial court to vacate the judgment entered on May 19, 1967. On the oral motion of the State, the trial court denied the post-conviction petition without an evidentiary hearing. The petitioner appeals asserting he was denied effective assistance of counsel in said proceeding.

Petitioner, after a bench trial, was convicted of murder and sentenced to a term of 14 to 20 years. At the original trial [1] the petitioner was represented by privately retained counsel. After the entry of judgment, the trial court advised petitioner that he had a right to appeal from the judgment and sentence; that he had thirty days in which to file his notice of appeal; also, that if his case should be appealed and he was found to be indigent, appellate counsel and a free transcript would be provided for him. No appeal was taken from the judgment and sentence.

On October 15, 1970, petitioner filed his *pro se* post-conviction petition in which he alleged he was deprived of his right to effective assistance of trial counsel because his privately retained counsel "was incompetent and failed to prepare and present a meaningful defense in that: (A) Petitioner's trial counsel informed petitioner that he (Petitioner) did not have, and could not present any defense at all to the charge of murder, and thereafter said counsel suggested that petitioner accept a bench trial, lest he receive a very long sentence if he (petitioner) demanded trial by jury. (B) Petitioner's trial counsel failed to challenge the sufficiency of the indictment to ascertain whether petitioner could have been guilty of a lesser offense, or not guilty of any offense at all. (C) Petitioner's trial counsel failed to file a timely Notice of Appeal, and petition the court to provide petitioner with a copy of his (petitioner's) common-law record and report of proceedings had at petitioner's trial."

In the post-conviction proceedings the trial court appointed the Public Defender to represent the petitioner. On November 29, 1971, at a hearing on said petition, the State made an oral motion to dismiss on the theory that the petitioner had failed to raise any constitutional question. An assistant public defender appeared for the petitioner and elected to stand on the *pro se* petition.

At the hearing petitioner's attorney stated he had read the trial tran-

---

[1] The indictment charged Eddie Townsel and Robert Lee Townsend with the murder on October 3, 1966 of Eugene Cannon. Both defendants were represented, at a bench trial, by the same privately retained attorney. At the conclusion of the State's case the court granted the motion for directed verdict as to Robert Lee Townsend, and, as to him, entered a judgment of acquittal.

script [2]; that he had a personal visit with petitioner at the Joliet State Penitentiary on April 16, 1971; and that, in addition thereto, a questionnaire (consisting of 37 question) was sent to petitioner and returned by him. Petitioner's attorney argued the three issues raised in the *pro se* petition filed by petitioner and concluded: "So therefore on the three points as presented by Mr. Townsel and after reviewing the whole file very thoroughly, because it has been pending, we find that there are no constitutional questions, and we rest as far as the three points that were presented by Mr. Townsel."

The trial court stated he remembered the case well, that defendant's trial attorney is an excellent trial attorney, that it is incredible that he would do anything adverse to the best interests of his client. Thereupon, the trial court sustained the State's motion to dismiss, and ordered that the prayer of the petitioner be denied, and that the transcript of the trial proceedings be made a part of the record.

Petitioner argues that the requirements set forth in *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, where defense counsel on first appeal finds the defendant's case to be frivolous, should apply to a post-conviction hearing in the trial court when petitioner's counsel concludes there are no issues which can legally be raised in the petitioner's behalf at the post-conviction hearing. Petitioner states that "The problem presented by this case is, then, one of first impression for this Court."

In the brief filed in this court, petitioner does not claim the procedure followed in the trial court actually deprived Townsel of the opportunity to add errors in addition to those set forth in his *pro se* petition.

Petitioner's brief in this court frequently refers to the word "frivolous" as a description allegedly used by petitioner's attorney before the trial court in the hearing on the post-conviction petition. A careful review of the record clearly indicates the word "frivolous" was used by the petitioner's attorney only *once* and then, as a part of a quote, from a memorandum order by our Supreme Court entered in *People v. Cleveland Dorsey*, No. 43315, May 18, 1971.

In oral argument before this court, petitioner's appellate attorney asserted that, since petitioner had no one advocating his cause in the trial court, this court should not consider the merits of the petitioner's post-conviction petition, but rather, should only determine the principle of whether *Anders* should apply to post-conviction proceedings in the trial court.

---

[2] Petitioner's attorney stated he read the trial transcript over the weekend preceding November 29, 1971.

The powers of the appellate court in its capacity as a reviewing court are set forth in Rules 366 and 615 of the Illinois Supreme Court (Ill. Rev. Stat. 1971, ch. 110A, pars. 366, 615.) Rule 366 applies to civil appeals, whereas Rule 615 applies to criminal appeals. Ill. Rev. Stat. 1971, ch. 38, par. 122—7,[3] provides that appeals on post-conviction petitions may be reviewed as in civil cases.

As said in *Blum v. City of Chicago* (1st Dist. 1970), 126 Ill.App.2d 228, 231, 261 N.E.2d 457, 459, "* * * it is open to an appellee to argue for affirmance of the trial court's judgment on any ground supported by the record (citations)." See also *Richman Chemical Co. v. Lowenthal* (1st Dist. 1958), 16 Ill.App.2d 568, 149 N.E.2d 351.

■■ A review of the aforesaid authorities clearly establishes the power of the Appellate Court in matters brought before it. It is fundamental that this court has the authority and the responsibility, to review the record before it and to determine this appeal based upon the entire record.

The judicial appellate processes are clogged with an increasing number of substantial appeals, civil and criminal. We acknowledge the desirability of considering the enunciating important principles of law which may give vitality to substantive rights, but conclude the orderly administration of justice requires this be accomplished only when the record before us justifies such pronouncements. This court may appropriately consider the entire record in this matter to make a complete determination of the issues presented by the petitioner in his post-conviction petition.

In support of his contention petitioner cites the case of *Commonwealth v. Knuckles* (1971), 219 Pa. Super. 356, 281 A.2d 768.[4] There, under the Pennsylvania Post-Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, sec. 1 *et seq.*, 19 P.S. sec. 1180—1 *et seq.*, the defendant filed a post-conviction petition and the public defender was appointed to represent him, pursuant to section 12 of the Act. An evidentiary hear-

---

[3] Ch. 38, par. 122—7, Ill. Rev. Stat. 1971 which provides that post-conviction appeals may be reviewed by the Supreme Court as an appeal in *civil* cases became effective August 14, 1963. On July 1, 1971 Supreme Court Rule 651(d) became effective and provides that the procedure for an appeal in post-conviction proceedings shall be in accordance with the rules governing criminal rules, as near as may be. In 1971 in the Illinois legislature a bill to repeal par. 122—7 because it is in direct conflict with Supreme Court Rule 651(d) failed to pass. In *People v. Thomas Reh. den.* March 28, 1972, 51 Ill.2d 39, 41, 280 N.E.2d 433, our supreme court said a post-conviction hearing is civil in nature.

[4] The Superior Court of Pennsylvania is a court of intermediate appellate jurisdiction.

ing was held, after which the public defender sent a letter to the trial court stating that after researching the facts and law he found that the allegations in the petition are "frivolous and devoid of merit." The public defender requested leave to withdraw as counsel and that a continuance be granted to allow the defendant to write his own memorandum of law to the court within a reasonable amount of time, if he so desired. The court granted the request of the public defender. The defendant filed a handwritten petition requesting the assignment of counsel other than the public defender. This petition was dismissed and subsequently the post-conviction petition was dismissed. On appeal, the court in a 4-3 opinion, which reversed and remanded for another evidentiary hearing, said (281 A.2d 769):

> "*Anders*, of course, dealt with the right to effective counsel on appeal. We feel, however, that 'the constitutional requirement of substantial equality and fair process,' which would condemn a 'no merit' letter on appeal, would also condemn such procedure in a Post-Conviction Hearing Act proceeding."

The Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—4 *et seq.*) provides in part:

> "If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel."

In Illinois, unlike the situation in Pennsylvania, the petitioner must be represented by counsel at a hearing on his post-conviction petition. He is either represented by counsel of his own choosing or by court appointed counsel.

Illinois Supreme Court Rule 651 (Ill. Rev. Stat. 1971, ch. 110A, par. 651) pertains to appeals in post-conviction proceedings and subsection (c) thereof provides in part as follows:

> "The record filed in that court [appellate court] shall contain a showing, which may be made by the certificate of petitioner's attorney that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary for an adequate presentation of petitioner's contentions."

■■ The record in the case at bar meets the requirements of Rule 651(c). It shows that the public defender read the trial transcript; that he communicated with the petitioner; that on April 16, 1971, a personal

visit [5] was made to petitioner at the Joliet State Penitentiary; and that the public defender sent to petitioner a questionnaire consisting of 37 questions which was returned by petitioner. *People v. Slaughter* (1968), 39 Ill.2d 278, 235 N.E.2d 566.

The *Anders* case applies to the procedure that should be followed in a court of appellate jurisdiction in a case of first appeal. Under the *Anders* case, when the attorney petitions the Appellate Court for leave to withdraw as attorney for the petitioner, on the grounds there is no merit to the appeal, a petitioner has not yet had an opportunity to present his views and contentions to the appellate court. Therefore, it is required that petitioner's attorney file a brief in the appellate court, presenting petitioner's contentions and sustaining counsel's position, and that a copy of the brief and motion be sent to petitioner, giving the petitioner an opportunity to answer the same, or to supplement his *pro se* or the amended petition by more effective argumentation and by any additional points he can suggest.

■■ In the case at bar, the public defender examined the Report of Proceedings of the original trial, examined the post-conviction petition, had a personal interview with the petitioner, and had in his possession a questionnaire of 37 questions, which was returned by the petitioner. As previously stated, this procedure satisfies the requirements of Illinois Supreme Court Rule 651(c) and *People v. Slaughter* (1968), 39 Ill.2d 278, 235 N.E.2d 566; and does not conflict with the guidelines set forth in the *Anders* case.

Petitioner suggests this is a case of first impression in the State of Illinois. However, in *People v. Cleveland Dorsey,* No. 43315, the Illinois Supreme Court on May 18, 1971, issued an unpublished order affirming the circuit court of Cook County in its dismissal of a *pro se* post-conviction petition. In *Dorsey,* the circuit court appointed counsel for the petitioner. Prior to a hearing on the State's motion to dismiss the *pro se* petition, appointed counsel filed a motion for leave to withdraw on the grounds that the facts failed to show any deprivation of defendant's constitutional rights. After the hearing on the State's motion to dismiss, the trial court allowed both the motion to dismiss and counsel's motion to withdraw.

■■ In affirming the judgment of the circuit court of Cook County, the supreme court said:

"*Anders* applies only to cases on appeal, and not to trial court

[5] The record is silent as to whether counsel advised petitioner as to his evaluation of the petition.

proceedings. A post conviction petitioner is entitled to the services of counsel and counsel should not be granted leave to withdraw prior to disposition of the proceeding. In spite of the fact that an *Anders* motion is inappropriate in trial court proceedings, we find no prejudicial error here. Counsel stated at the hearing that he had corresponded with defendant and that defendant had filled out a questionnaire and returned it to him. Counsel also stated that he had read the transcript. He then presented the claims of defendant and stated that in his opinion these allegations did not justify post conviction relief. *While an attorney should be an advocate for his client, he is not obligated to urge frivolous points which are contrary to the law and the facts."* (Emphasis supplied.)

It is axiomatic that this court is bound by our supreme court's previous determination of an issue. *People v. Staples* (1st Dist. 1971), 1 Ill.App.3d 922, 926, 275 N.E.2d 259, 262; *Maki v. Frelk* (2d Dist. 1967), 85 Ill.App. 2d 439, 453, 229 N.E.2d 284, 291, reversed on other grounds 40 Ill.2d 193, 239 N.E.2d 445.

In *People v. Phelps* (1972), 51 Ill.2d 35, 280 N.E.2d 203, the Supreme Court considered the denial of a *pro se* post-conviction petition alleging incompetence of trial counsel. The issue raised by *Phelps* on appeal was whether the trial court at the post-conviction hearing erred in refusing to hear evidence of the incompetency of petitioner's original counsel. Petitioner raised this in the *pro se* petition but his appointed counsel deleted such contention in an amended petition filed in the trial court. The Supreme Court said, at page 38, "Counsel's omission of that allegation was proper as he is under no duty to present frivolous constitutional contentions. (*People v. Polansky,* 39 Ill.2d 84, 233 N.E.2d 374.)"

In the instant case petitioner does not actually contend that his post-conviction counsel violated petitioner's constitutional right to an advocate at the post-conviction hearing. The real thrust of petitioner's complaint on this appeal is that his post-conviction counsel did not first notify petitioner of counsel's position as to said *pro se* petition. The contention appears to be, that only by means of such notification would petitioner then have the opportunity to contest counsel's conclusion in petitioner's own memorandum transmitted to the court.

■■ In Supreme Court Rule 651, our court has established requirements of advocacy for counsel appointed to represent a post-conviction petitioner, and there is no provision for advance notification by counsel to petitioner, should counsel decide to exercise his *Dorsey* right to communicate his conclusion to the trial court after having argued petitioner's contentions to the court at the hearing on the State's motion to dismiss.

In the instant case, not only did counsel fulfill all the advocacy requirements of Rule 651, but, in addition, he argued all of petitioner's contentions to the trial court *before* first communicating his conclusion to the court.

■■ We conclude that petitioner's constitutional right to an advocate in respect of his post-conviction petition at the trial level was not violated. Basically, his constitutional right is to have his position presented and argued to the court by an advocate, and that right was fulfilled.

■■ We are satisfied petitioner's appointed counsel, in the post-conviction proceeding before the trial court, discharged his responsibility as an advocate, in accordance with the standards of ethical conduct prescribed in the Illinois Code of Professional Responsibility (adopted May 1, 1970 by the Illinois State Bar Association and Chicago Bar Association).

■■ We have reviewed the proceedings before the trial court, both at the original trial and in the post-conviction hearing. Petitioner's privately retained trial counsel, in our opinion, discharged his responsibility in a professional, competent manner. The trial court, aware of the record and the qualification of counsel, was not required to hold a hearing on the competency of counsel. *People v. Phelps* (1972), 51 Ill.2d 35, 280 N.E.2d 35, 280 N.E.2d 203; *People v. Goerger* (1972), 52 Ill.2d 403, 409, 288 N.E.2d 416, 419.

We are convinced from our review of the record that the petitioner's *pro se* petition failed to establish any basis for the granting of the relief requested. Nor has there been any such showing in this court. We find no constitutional question in the record before us. *People v. Jones* (1967), 38 Ill.2d 384, 231 N.E.2d 390.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.