THIRD SWANSEA PROPERTIES, INC., *et al.*, Plaintiffs-Appellants, *v.* OCKERLUND CONSTRUCTION COMPANY *et al.*, Defendants.—(CANNON STEEL ERECTION COMPANY, Defendant-Appellee.)

First District (5th Division)   No. 61858

Opinion filed August 27, 1976.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (Thomas McDonald, James T. Ferrini, and William J. Sneckenberg, of counsel), for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom, John J. Blasi, and James P. DeNardo, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order granting summary judgment to defendant Cannon Steel Erection Company (Cannon). The sole issue on appeal is whether a provision in a construction contract exempted defendant from liability for acts of wilful and wanton misconduct.

Plaintiffs were the owners and the lessor-occupants of property on which a bakery addition was being erected in 1970 pursuant to a construction contract entered into between the lessors and an architect. They brought this action to recover for damage to the building under construction. Sued were the architect and a number of companies working on the project, including Cannon, a subcontractor whose welding work allegedly caused a fire that damaged the building.

In Counts I and II of the complaint, plaintiffs alleged that all defendants, including Cannon, committed various acts of negligence. In Count III, Cannon alone was charged with acts of negligence and, in Count IV, Cannon was charged with wilful and wanton misconduct.

All defendants answered the complaint and some of them, including Cannon, asserted by way of an affirmative defense a provision in the construction contract which they contended was a waiver by plaintiffs of all rights of action against the defendants for any damage caused by fire during the construction work. Motions for summary judgment filed by those defendants, based upon this waiver provision, were granted as to all counts.

In this appeal, plaintiffs seek only to reverse that part of the order granting summary judgment in favor of Cannon as to Count IV, which alleged wilful and wanton misconduct on its part.

OPINION

We are concerned here with the effect of Article 29 of the construction contract, the pertinent portions of which are as follows:

"a. The Owner shall maintain fire * * * insurance upon the entire structure on which the work of this contract is to be done to one hundred per cent of the insurable value thereof * * *.

* * *

d. * * * The Owner, Contractor, and all Subcontractors waive all right of action, each against the others, for damages caused by fire or other perils covered by insurance provided for under the terms of this Contract * * *."

In prosecuting this appeal only as to the dismissal of the wilful and wanton count, plaintiffs have apparently agreed that the waiver provision in Article 29d releases Cannon from liability because of negligence. They strongly urge, however, that any such waiver cannot apply to wilful and wanton misconduct and, thus, that the court erred in dismissing Count IV of their complaint.

■■ In support of this position, they cite *Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 336 N.E.2d 881, and *Schek v. Chicago Transit Authority* (1969), 42 Ill. 2d 362, 247 N.E.2d 886. Both of these cases hold generally that agreements exculpating from the results of wilful and wanton misconduct are illegal. In *Davis*, the court stated at pages 500-01, that:

"[A]n agreement to indemnify against wilful misconduct would, as a general rule, be contrary to public policy and unenforceable though there were no statute to that effect. This is illustrated in section 575 of the Restatement of Contracts (1932), which states in part: 'A bargain for exemption from liability for the consequences of a wilful breach of duty is illegal * * *.' (See also 15 S. Williston, Contracts sec. 1750A (3d ed. 1972); 6A A. Corbin, Contracts sec. 1472 (1964).)"

Cannon argues that the rule expressed in *Davis* and *Schek* is not controlling because those cases involved indemnity agreements, whereas Article 29d involves a waiver of liability provision premised upon plaintiffs' obligation under 29a to insure the property against loss and, as such, was not illegal.

Cannon cites the following cases from other jurisdictions which it contends have construed waiver clauses to bar *any* action: *Midwest Lumber Co. v. Dwight E. Nelson Construction Co.* (1972), 188 Neb. 308, 196 N.W.2d 377; *Commerce & Industry Insurance Co. v. Orth* (1969), 254 Ore. 226, 458 P.2d 926; *Connor v. Thompson Contruction & Development Co.* (Iowa 1969), 166 N.W.2d 109; *Smith v. Ryan* (Fla. App. 1962), 142 So. 2d 139. A reading of these cases, however, reveals that they all involve waivers of negligence and are not persuasive on the legal principle involved here, which concerns the legality of a contractual shield from liability for future acts of wilful and wanton misconduct. In this regard, it appears to us that the question of whether the agreement was for indemnity or was a waiver of liability is immaterial. The fact is that *Cannon*, in the general conditions of the contract, agreed to be bound by all of the contract provisions and, in so doing, it accepted Article 29d, which purported to exempt it from liability for the consequences of its future wilful and wanton misconduct. We believe that such a contractual shield is illegal. See *Davis*; 15 S. Williston, Contracts §1750A (3d ed. 1972); 6A A. Corbin, Contracts §1472 (1964). See also Restatement of Contracts §575 (1932); and *J. Calamari & J. Perillo*, The Law of Contracts §367 (1970), where it is stated at page 550 that "an agreement by A not to hold B liable for B's wilful misconduct is illegal."

In any event, Cannon contends that plaintiffs became its insurers because they breached their obligation to obtain insurance coverage as required by Article 29a. As their insurer, Cannon argues, plaintiff would be barred from maintaining this subrogation action against it.

Although this contention was not the basis of the order appealed from, a reviewing court may affirm a judgment of the trial court where it is justified in law for any reason or ground appearing in the record. See *Blum v. City of Chicago* (1970), 126 Ill. App. 2d 228, 261 N.E.2d 457; *Miller v. Chicago Transit Authority* (1966), 78 Ill. App. 2d 375, 223 N.E.2d 323.

Initially, we note that summary judgment was granted solely on the ground that Cannon was exempt from liability because of the waiver provisions of Article 29d and that the possibility of plaintiffs being its insurer was first raised in its brief. We note also plaintiff's statement in its reply brief, that "even assuming that there was an obligation to insure Cannon, which of course plaintiffs strenuously dispute, that obligation

was to insure Cannon's interest *only.* In other words, Cannon is the plaintiffs' insured only to the limited extent of Cannon's interest in the structure; *i.e.,* its tools, labor and material. Since plaintiffs seek recovery for only the damage they sustained, they are not barred from suing Cannon."

■■ In our search to determine whether the record justifies a finding that plaintiffs were the insurer of Cannon, we found that no such contention was included in the motion for summary judgment and that it does not appear to have been presented in any form or at any time to the trial court. Neither does the specific nature or extent of the insurance coverage required by Article 29a appear in the record. Consequently, we are unable to determine as a matter of law, from the record presented to us, whether the insurance called for would be of such comprehensive nature as to bar plaintiffs' subrogation action, as Cannon suggests, or whether it would cover only Cannon's interest in the project and thus allow this action for damages because of its wilful and wanton misconduct.

Cannon also asserts that the trial court correctly granted summary judgment because plaintiffs failed to state a cause of action for wilful and wanton misconduct. They posit this contention on the fact that the allegations of Counts III and IV are identical except that the words "careless and negligent" in Count III were replaced in Count IV by the words "wilful and wanton." Defendant argues that the mere characterization of acts as wilful and wanton misconduct fails to allege facts from which the law would raise a duty, and thus was insufficient as a matter of law, citing *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153.

■■ Defendant is correct in stating that a mere conclusory allegation of wilful and wanton misconduct is not sufficient to state a cause of action. Rather, a plaintiff must allege facts from which the law would raise a duty and show that the omission of such duty resulted in injury. (*Ingram v. New York Central R. R. Co.* (1961), 30 Ill. App. 2d 455, 175 N.E.2d 129.) An examination of Count IV reveals allegations that the fire was proximately caused by the wilful and wanton failure of Cannon to take the following action in the area where its employees were performing electric welding work: Provide portable fire extinguishers; water down the immediate area; provide asbestos blankets and other fire resistant coverings; maintain a fire check in the area; properly instruct the employees performing the welding; properly supervise employees performing the welding; and properly inspect the area. Plaintiffs assert further, in Count IV, that as a proximate result of the conduct of Cannon, a fire resulted causing damage to plaintiffs' property. While it is true, as defendant states, that the complaint premises the allegations by the terms

"wilful and wanton," we feel that they were sufficient to allege a duty on the part of Cannon, a breach of that duty and the injury resulting therefrom.

■■ In any event, even assuming that the allegations of Count IV were insufficient, Cannon's remedy was to challenge its sufficiency by a motion in the trial court, as provided in section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 45.) The record reflects no such challenge and, having failed to do so, Cannon may not raise this issue for the first time on appeal. (*Stogsdill v. Manor Convalescent Home, Inc.* (1976), 35 Ill. App. 3d 634, 343 N.E.2d 589.) This is particularly true where, as here, the complaint could have been amended. Ill. Rev. Stat. 1975, ch. 110, par. 42(3).

For the reasons stated, the grant of summary judgment as to Count IV of plaintiff's complaint is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BARRETT and DRUCKER, JJ., concur.