142 So.2d 139 (1962)
Margaret Vance SMITH, Appellant,
v.
Eric A. RYAN, Appellee.
No. 2349.
District Court of Appeal of Florida. Second District.
May 18, 1962.
Rehearing Denied June 18, 1962.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellant.
Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings, Glos & Evans, and Hall, Farnsworth & Rousseau, Tampa, for appellee.
SMITH, Judge.
This appeal is upon a stipulated statement, pursuant to Florida Appellate Rule 3.6(h), 31 F.S.A., showing how the points to be presented arose and were decided. It sets forth only so many of the facts averred and proved, or sought to be averred or proved, as are essential to a decision of the points by this court. This procedure clearly focuses the court's attention to the points involved on the appeal and eliminates the immaterial matters often contained in the record.
Margaret Vance Smith and Eric A. Ryan entered into a contract, whereby Ryan agreed to furnish all labor and materials and do all things necessary to make certain structural changes in the residence of Smith and install therein an air-conditioning system. The contract was in two parts; one *140 being an agreement between the contractor and the owner, and the other being the General Conditions of the Contract, Standard Form A2 (Revised 9-1-51) of the American Institute of Architects (A.I.A.). The owner Smith carried fire insurance on the premises, but the contractor Ryan was not named as co-insured, and the owner failed to so notify the contractor. A fire in the air-conditioning system, before completion of the contract, resulted in damages to the air-conditioning system and the residence. The owner's fire insurance carrier reimbursed the owner for all losses and then suit was instituted in the name of the owner, but for the use and benefit of the fire insurance company, against the contractor.
Plaintiff's claims are based upon allegations that the air-conditioning system was so negligently and defectively installed that it caught on fire and that the nature of the fire and damages was such as would not have occurred but for negligence in making the installation, in that said fire was not caused by lightning or acts of God or nature, and that had the system been properly and skillfully installed and wired, the fire resulting in damages would not have occurred.
The court entered summary judgment in favor of the defendant contractor, reciting that it was the opinion of the court that Articles 29 and 31 of the General Conditions of the Contract imposed an affirmative obligation upon the owner to procure fire insurance insuring the interest of both the owner and contractor, irrespective of the negligence of either, resulting in loss by fire. We affirm.
The effect of the court's ruling was, that the failure of the owner to comply with her agreement to provide fire insurance in which the contractor was named as an insured precludes her recovery against the contractor for the benefit of her insurer.
Pertinent provisions of the typewritten part of the contract headed "Agreement Between Contractor and Owner" are as follows:
"Article 1. The Work to be Done and the Documents Forming the Contract.
"* * * If anything in the said General Conditions is inconsistent with this Agreement, the Agreement shall govern.
* * * * * *
"Article 5. Costs to be Reimbursed.
"The Owner agrees to reimburse the Contractor in current funds all costs necessarily incurred for the proper prosecution of the work * * *, such costs to include the following items, * * *.
* * * * * *
"(e) Losses and expenses, not compensated by insurance or otherwise, sustained by the Contractor in connection with the work, provided they have resulted from causes other than the fault or neglect of the Contractor. * *
* * * * * *
"Article 9. Contractors Financial Responsibility.
"Any cost due to the negligence of the Contractor * * * shall be borne by the Contractor, * * *.
* * * * * *
"Article 11. Title to the Work.
"The title of all work completed and in course of construction * * * shall be in the Owner."
The pertinent provisions of that part of the contract headed "The General Conditions of the Contract for the Construction of Buildings," in printed form, are as follows:

"Art. 12.  Protection of work and Property.  The Contractor shall continuously maintain adequate protection of all his work from damage and shall protect the Owner's property from injury *141 or loss arising in connection with this Contract. He shall make good any such damage, injury or loss, except such as may be directly due to errors in the Contract Documents or caused by agents or employees of the Owner. * * *
* * * * * *

"Art. 29. Fire Insurance.  The Owner shall effect and maintain fire insurance on the entire structure on which the work of this contract is to be done, * * * including items of labor and materials connected therewith * * *.
* * * * * *
"The Contractor * * * shall be named or designated in such capacity as insured jointly with the Owner in all policies. * * * If the Owner fails to effect or maintain insurance as above and so notifies the Contractor, the Contractor may insure his own interest * * * and charge the cost thereof to the Owner. If the Contractor is damaged by failure of the Owner to maintain such insurance or to so notify the Contractor, he may recover as stipulated in the contract for recovery of damages. * * *
* * * * * *

"Art. 31.  Damages. If either party to this Contract shall suffer damage in any manner because of any wrongful act or neglect of the other party * *, then he shall be reimbursed by the other party for such damage, * * *.
* * * * * *
"The Contractor is relieved of responsibility for damages to the work due to causes beyond the control of and without fault or negligence of the Contractor."
It is never presumed that a contract is intended to protect one against his own negligence, and hence, unless it clearly so states, the courts hold that such was not the intention. Annotation 175 A.L.R. 8; Jackson v. Florida Weathermakers, Fla. 1951, 55 So.2d 575. This contract clearly requires the owner to carry fire insurance naming the contractor as one of the insured, thereby bringing the contractor within the provisions of law that an insurer cannot maintain a subrogation suit against its own insured. Miller v. Kujak, 1958, 4 Wis.2d 80, 90 N.W.2d 137; and Glens Falls Ins. Co. v. Globe Indemnity Co., 1948, 214 La. 467, 38 So.2d 139. The obvious purpose of Articles 29 and 31 was to prevent such a subrogation suit. Parker and Adams, The A.I.A. Standard Contract Forms and the Law. The contract contemplated the shifting of any risk of any of the parties from damage by fire to an insurer, irrespective of negligence. Similar cases, although not directly in point, are Checkley v. Illinois Central R. Co., 1913, 257 Ill. 491, 100 N.E. 942, 44 L.R.A.,N.S., 1127; Deming v. Merchants' Cotton-Press & Storage Co., 1891, 90 Tenn. 306, 17 S.W. 89, 13 L.R.A. 518. The owner's failure to fulfill her obligation to obtain insurance caused her to become the insurer and liable as such. Zortman v. Volk, 1929, 97 Pa.Super. 137; 4 Appleman, Insurance Law and Practice, 113, § 2261. When the contract is considered in its entirety, it is apparent that Articles 29 and 31 are the only provisions of the contract dealing specifically with the subject of fire insurance and the effect of the owner's failure to carry the insurance. The other provisions deal with other subjects and circumstances. There are no other inconsistent provisions on the subject of fire insurance, so we need not be concerned with the statement in the agreement "if anything in the said General Conditions is inconsistent with this Agreement, the Agreement shall govern," and finding no conflict, the fact that that part of the agreement was typewritten and the General Condition's part was a printed form becomes of no consequence.
The judgment is affirmed.
SHANNON, C.J., and KANNER, J., concur.