389 So.2d 689 (1980)
HOUSING INVESTMENT CORPORATION of Florida, S & H Investment and Development Corporation and Samuel Hasner for the Use and Benefit of Continental Insurance Company, Appellants,
v.
Kenneth CARRIS, Marilyn Carris, Kenneth Baker, Carris Plumbing, Inc., Southern Plumbing, Inc., and Allstate Insurance Company, Appellees.
No. 80-97.
District Court of Appeal of Florida, Fifth District.
October 29, 1980.
Robert A. Hannah of Pitts, Eubanks & Ross, P.A., Orlando, for appellants.
David J. Fuller, Orlando, for appellees, Kenneth Carris and Marilyn Carris.
Maron E. Lovell, Orlando, for appellee, Kenneth Baker.
Scott J. Johnson of Maguire, Voorhis & Wells, P.A., Orlando, for appellees, Carris Plumbing, Inc. and Allstate Ins. Co.
COWART, Judge.
Appellee Carris Plumbing, Inc., as contractor, contracted to do plumbing work for appellant S & H Investment and Development Corporation, as owner. The contract provided: "Owner to carry fire, tornado, and other necessary insurance." The owner insured with Continental Insurance Company. Fire, allegedly caused by the contractor's negligence, damaged the insured property. Continental paid the loss to the owner who brought this subrogation suit for Continental's benefit against the contractor for negligent performance. From a summary judgment in favor of the contractor, the owner appeals. We affirm.
In support of its decision, the trial court cited Smith v. Ryan, 142 So.2d 139 (Fla.2d DCA 1962), a similar case but one where the contract provision was in more detail requiring the owner to not only carry insurance but to have the contractor named as a co-insured. Appellants attempt to distinguish Smith because the contract language there is not identical with the language here. We perceive no meaningful difference in the intent of the contracting parties in either case. In both cases the parties foresaw the possibility of loss by fire arising *690 from construction work and in both cases the contract provision was for the purpose of providing protection from that risk by use of insurance.
Likewise, the trial court relied on Weems v. Nanticoke Homes Inc., 37 Md. App. 544, 378 A.2d 190 (1977), which appellants would distinguish because the contract wording, again, is not identical with the contract in this case. The Weems contract required "insurance in the proper amount to cover any and all losses... ." We construe the words "necessary insurance" in this case to mean "necessary" to protect the contracting parties from loss on account of the hazards enumerated and to be analogous to the Weems contract language requiring an amount of insurance necessary to protect the contracting parties from any and all loss.
Appellants say the trial court's disposition is inconsistent with Jackson v. Florida Weathermakers, 55 So.2d 575 (Fla. 1951). In Weathermakers the contractor, Weathermakers, agreed to perform work in Jackson's store and to procure "public liability insurance." A store patron sued the contractor and store for injuries sustained as the result of a dangerous condition allegedly resulting from the contract work. A jury found the patron's injury to have resulted from the separate and independent negligence of the store and found the contractor free of negligence. On appeal, on rehearing, the court considered the contract insurance provision to be one of indemnification and to indemnify only against the negligence of the indemnitor (the contractor) and not that of the indemnitee (the store). Since the contractor had been exonerated of negligence by the jury it was held to be immaterial whether or not the insurance had been procured.
In this case, as in Smith and Weems, we do not consider the fire insurance contract provision to be a contract for indemnification, with the resultant shift of risk to one of the parties, but to be a simple contract provision for which the contractor bargained for the purpose of shifting the risk from the parties onto an insurer.
The owner had, as all owners always have, the right to insure his own property for his own exclusive benefit without the consent or agreement of the contractor or anyone else. Therefore, the only reasonably conceivable purpose of a construction contract provision placing an obligation on the owner to carry insurance is to benefit the contractor by providing him protection and exculpation from risk of liability for the insured loss. Although the contractor was not named as an insured, nor does the contract require this to be done, the contract insurance provision is valuable to the contractor for the very purpose this case exemplifies and serves to limit the owner to insurance proceeds even though the loss was caused by the negligence of the contractor.[1]
The trial court correctly construed the contract provisions to accomplish this result. The summary judgment is
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Other cases have recently reached this same conclusion. See Tuxedo Plumbing & Heating Company, Inc. v. Lie Nielsen, 245 Ga. 27, 262 S.E.2d 794 (1980); Morsches Lumber, Inc. v. Probst, 388 N.E.2d 284 (Ind. 3d Ct.App. 1979).