390 So.2d 155 (1980)
William and Jean TOUT, Appellants,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Etc., Appellee.
No. 80-373.
District Court of Appeal of Florida, Third District.
November 18, 1980.
Cunningham, Albritton & Lenzi, P.A., and Franklin D. Greenman, Marathon, for appellants.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Carl W. Schwait, Miami, for appellee.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The Touts, defendants below, appealed from a final judgment entered in favor of Hartford Accident & Indemnity Company (Hartford), as subrogee for Michael S. Greenwald (Greenwald).
The Touts entered into a land sale contract for the purchase of a home owned by Greenwald. The contract permitted the Touts to rent the premises at a stipulated monthly sum prior to closing. Additionally, the contract between the Touts and Greenwald contained the following exculpatory clause: "Seller assumes risk of loss from fire or otherwise until closing... ." While the Touts were in possession as tenants, a fire broke out in the kitchen of the premises resulting in damage in the amount of $9,068.96, which was paid to Greenwald by Hartford under a homeowner's insurance policy it had issued. Hartford then initiated *156 this subrogation action against the Touts to recover the amount paid.
The testimony of the parties reveals that on November 1, 1976, while preparing the evening meal, Mrs. Tout realized she was late picking up her child from school. Mr. Tout, who was home at the time, drove his wife to pick up their child. Unfortunately, Mrs. Tout had neglected to turn off the electric range before leaving and upon their return they discovered the kitchen ablaze. In their answer to the subrogation claim filed by Hartford, the Touts asserted the exculpatory clause cited above as an affirmative defense. Hartford's motion to strike this defense was granted, which the Touts alleged to be error. We disagree.
While the ruling of the trial court is supportable on Section 83.47(1)(b), Florida Statutes (1975), which makes agreements to limit or preclude liability void, see also Fuentes v. Owen, 310 So.2d 458, 459 (Fla. 3d DCA 1975), we prefer to rest our affirmance of this portion of the challenged order on the ground that a limitation of liability for one's negligent acts cannot be inferred unless such intention is expressed in unequivocal terms. Ivey Plants, Inc. v. F.M.C. Corporation, 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla. 1974).
The issue proceeded to trial where a jury rendered a verdict against both Mr. and Mrs. Tout. Mr. Tout's motion for directed verdict at the close of all evidence was denied. Mr. Tout argues that this, too, was error because the common law rule rendering a husband liable for the torts of his wife has been abrogated. § 741.23, Fla. Stat. (1975). Mr. Tout's argument, based upon the cited statute, is unassailable. Nonetheless, Hartford attempts to support the verdict and judgment appealed upon the assertion that Mr. Tout was aware of Mrs. Tout's cooking activities and failed to superintend or secure the premises before they jointly left to retrieve their son from school. It is Hartford's position that this was sufficient to create an inference of his active negligence. We disagree.
Mr. Tout, undeniably, disclaimed any responsibility for the superintendence of his wife's activities, stating: "That is not my department." Absent a showing that one spouse has knowledge of the propensities of the other which may give rise to negligence, we think that it would be an unwarranted and pernicious rule which imposed liability upon one like Mr. Tout, who was under no legal duty to manage or superintend his wife's preparation of the evening meal. See Restatement (Second) Torts, §§ 308, 314, 315 (1965). Accordingly, the denial of Mr. Tout's motion for directed verdict was error.
For the foregoing reasons, the judgment appealed from is affirmed in part and reversed in part with directions to delete Mr. Tout from the judgment.