SHARP, Judge.
The appellant (State Farm Fire and Casualty Company) appeals from a final summary judgment denying it the right to be subrogated to the rights of its insured (Milty A. Fairchild) against the appellees (W. O. Taylor Commercial Refrigeration and Electrical Co. and West American Insurance Company, Taylor’s liability carrier). Taylor entered into a contract with Fairchild and in accordance with the contract installed central air conditioning equipment in Fair-child’s home in 1972. The contract required Fairchild to carry “fire, tornado, and other necessary insurance.” In 1977 a fire occurred in the residence, which did extensive damage, and which was allegedly caused by Taylor’s negligent installation and wiring of the air-handling equipment in the attic. State Farm paid its insured, Fairchild, and filed this subrogation suit. Taylor argues the requirement in the contract that the owner carry insurance bars recovery from it. We disagree and reverse.
The contract entered into by Fairchild and Taylor was a one page printed form. It was captioned a “Proposal” submitted by Taylor and accepted by Fairchild. It described the kind of air conditioning equipment to be installed, the locations of outlets and ducts, and the total price. The payment was due “upon operation of units.” It provided limited warranties for one and four years on “parts.” In very small print, at the bottom of the page, next to the block where Taylor signed appeared the following paragraph:
All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra cost will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays, beyond our control. Owner to carry fire, tornado, and other necessary insurance. Our workers fully covered by workmen’s compensation insurance.
It is well established that parties to a contract may mutually agree that one party will obtain insurance as part of the bargain, to shift the risk of loss from both of them to the insurance carrier. If loss occurs, they are deemed to have agreed to look solely to the insurance, without regard to which party was negligent, and subrogation is not allowed. Housing Investment Corp. v. Carris, 389 So.2d 689 (Fla. 5th DCA 1980); Smith v. Ryan, 142 So.2d 139 (Fla. 2d DCA 1962). But it is equally well established that a limitation of liability for one’s negligent acts will not be inferred unless the intention is expressed in unequivocal terms. Tout v. Hartford Accident and Indemnity Company, 390 So.2d 155 (Fla.3d DCA 1980). The loss in this case occurred long after the contract was performed.
We have carefully read the cases cited to us by appellees, but none deal with whether such a building contract insurance provision *1121 is effective and endures years after the building construction is complete. In Weems v. Nanticoke Homes, Inc., 37 Md.App. 544, 378 A.2d 190 (1977), the fire loss occurred during the construction period before the owner took possession. In Tuxedo Plumbing & Heating Co., Inc. v. Lie-Nielson, 245 Ga. 27, 262 S.E.2d 794 (1980), the fire loss occurred while the contractor was working on the apartments. Although not expressly stated, Smith, Tout, and Housing Investment Corporation, also dealt with the situations where the contractor or owner were still in the process of performing their contract, and both had an insurable interest in the equipment, materials and labor being put into the structure.
The normal and reasonable interpretation of such insurance provisions is that the parties intended to cover that period of time during which both have an insurable interest in the structure and equipment. Here Taylor’s interest needed protection because he was not to be paid at all until the units were installed and functioning. The parties could bargain for and shift the risk of loss as part of the construction contract. But after the contract was performed, and Taylor paid in full, the duty of the owner to insure for Taylor’s benefit was likewise completed. There is no consideration for an on-going obligation of Fairchild to continue to insure his home for Taylor’s benefit.[1]
Further, if intended by Taylor as a perpetual exculpation of liability for his negligence, this provision in the construction contract was so obscure and indefinite as to be unenforceable. Tout. The sentence regarding insurance is sandwiched between other sentences dealing only with performance of the contract. It is in very small print, and it is neither express nor unequivocal.
REVERSED AND REMANDED.
DAUKSCH, C. J., and COWART, concur.

. If such insurance provisions were given the interpretation argued for by appellees, it would make contractor liability policies virtually redundant. We note in this case the presence of such a carrier for the contractor.