JOSEPH A. FORTIN, JR., & another[1] *vs.* NEBEL HEATING CORP. December 21, 1981. This case requires us to interpret the fire insurance provisions of a general contract and a plumbing subcontract relating to a construction project in Fall River. The general contract was executed between the plaintiffs (owner), as general partners of a limited partnership known as Fulton Street Apartments Associates, and Fortin/JBL Construction Company (general contractor), a joint venture in which the plaintiffs are also principals. The subcontract was executed between the general contractor and the defendant, Nebel Heating Corp. (subcontractor).

During the course of the work, the property was damaged by several fires. The owner carried property insurance to a limit of $510,300 under a policy with Travelers Indemnity Corp. (insurer), and received payment for the loss in the amount of $42,090.52. A subrogation action was commenced in the Superior Court on behalf of the insurer, alleging that the fires were caused by the subcontractor's negligence. The subcontractor filed a motion for summary judgment which was denied. The judge then reported the case to this court pursuant to Mass.R.Civ.P. 64, 365 Mass. 831 (1974).

The parties have filed a statement of agreed facts, which includes a stipulation that the fires were caused by the subcontractor's negligence and an agreement that the insurer's right to recover by way of subrogation is no greater than that of its insured, the owner. *United States Fid. & Guar. Co.* v. *N.J.B. Prime Investors,* 6 Mass. App. Ct. 455, 460 (1978), and cases cited. The sole question, one of law, is whether the fire insurance provisions of the general subcontract constitute a waiver of the owner's right to recover from the subcontractor for fire damage.

The general contract was executed on the 1967 & 1970 A.I.A. standard forms and contained a set of form conditions. See 2 American Institute of Architects, A.I.A. Building Construction Legal Citator, Doc. A201; General Conditions of Contract for Construction 1970 rev. (1980). The conditions relevant here are the following: "[§] 11.3.1 . . . . [T]he Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. The insurance shall include the interests of the Owner, the Contractor [and the] Subcontractors . . . and shall insure against the perils of fire . . . . [§] 11.3.6. The Owner and Contractor waive all rights against each other for damages caused by fire . . . to the extent covered by insurance provided under . . . [§] 11.3 . . . ."

[1] Joseph B. Lombardi.

The cases view such provisions as "shifting the risk [of fire damage] from the parties onto an insurer." *Housing Inv. Corp.* v. *Carris*, 389 So.2d 689, 690 (Fla. Dist. Ct. App. 1980). *Smith* v. *Ryan*, 142 So.2d 139, 141 (Fla. Dist. Ct. App. 1962). It has been generally held, however, that such provisions "must be construed as providing mutual exculpation *to the bargaining parties* who [between themselves] . . . have agreed to look solely to the insurance and not to . . . the opposing party" (emphasis supplied ). *Brodsky* v. *Princemont Constr. Co.*, 30 Md. App. 569, 576 (1976) (construing identical A.I.A. conditions). *Tuxedo Plumbing & Heating Co.* v. *Lie-Nielsen*, 245 Ga. 27, 28 (1980). See *Independent Sch. Dist. No. 877* v. *Loberg Plumbing & Heating Co.*, 266 Minn. 426, 435-437 (1963); *Morsches Lumber, Inc.* v. *Probst*,     Ind. App.    ,  -   (1979) (388 N.E.2d 284, 286-287 [Ind. App. 1979]).

Here, as in the cases cited above, the "bargaining parties" to the contract in which these provisions appeared were the owner and the general contractor only. Since the subcontractor was not a party to that contract, its reliance on the cases above is misplaced. In addition, the waiver of damages stated in § 11.3.6 specifically applies only between the owner and the general, and, by its express terms, has no application to the subcontractor. Contrast *Third Swansea Properties, Inc.* v. *Ockerlund Constr. Co.*, 41 Ill. App. 3d 894, 896 (1976). We note that the 1976 revision of § 11.3.6 does expressly provide for such a waiver between the owner and the subcontractor. See A.I.A. Building Construction Legal Citator, *supra*, Doc. A201, 1976 rev. at 17 ("The Owner and the Contractor waive all rights against . . . each other and the Subcontractors . . . each of the other"). If the present contract had contained similar language then the insurer would not have the right to proceed by way of subrogation. See Parker & Adams, A.I.A. Standard Contract Forms and the Law 47 (1954). But it does not, and consequently § 11.3.6 as written does not constitute a waiver of damages between the owner and the subcontractor.

The other relevant provisions of the contracts do not change this conclusion.

(a) Section 11.3.1 of the general contract requires the owner to insure the property interest of the subcontractor. Although this obligation might have been linked with a mutual waiver of damages, as it was between the owner and the general, the contract does not so provide. As it stands, the owner's duty to insure the interest of the subcontractor, who was not a party to the contract, ran only to the general. (We note, however, that this did not nullify the effect of the owner's obligation since § 5.4.3 requires the general to pay the subcontractor "a just share of any insurance moneys" which the general may receive under § 11.) Moreover, the contract did not clearly require the owner to list the subcontractor as a named insured, as may be done for the "purpose of . . . prevent[ing] such a subrogation suit," under the rule that "an insurer may not maintain a

subrogation suit against its own insured." See *Smith* v. *Ryan, supra*; *Tuxedo Plumbing & Heating Co.* v. *Lie-Nielsen, supra* at 28-29; *Connor* v. *Thompson Constr. & Dev. Co.*, 166 N.W.2d 109, 112-113 (Iowa 1969). Finally, although it appears that the owner failed to insure the subcontractor's property interest, that failure alone would not convert the owner into an insurer, thus barring the owner's action, see *Smith* v. *Ryan, supra*; *Connor* v. *Thompson Constr. & Dev. Co., supra*, since that insurance would have covered only claims by the subcontractor, not claims by the owner.

(b) Section 11.3.6 of the general contract additionally provides that the "Contractor shall require similar waivers by Subcontractors . . . in accordance with [§] 5.3.1.5." The latter section, however, provides for waivers of fire damages between the "contracting parties" to the subcontract, i.e., the general and the subcontractor. Although the phrase "similar waivers" carries some ambiguity, it cannot be construed as requiring insertion in the subcontract of waivers between the owner and the subcontractor.

(c) Paragraph G of the subcontract requires the subcontractor to maintain liability insurance which will "protect him, the Contractor and the Owner . . . from claims for damages to property . . . ." Article Third of the subcontract provides that the "Contractor and the Subcontractor waive all rights against each other and against the Owner . . . for damages caused by fire . . . to the extent covered by insurance . . . ." Although these provisions include a waiver of the subcontractor's liability to the owner, they do not state or imply the existence of a reciprocal waiver between the owner and the subcontractor.

Our conclusions are further supported by § 5.1.3 of the general contract, which provides that "[n]othing contained in the [general contract] shall create any contractual relation between the Owner . . . and any Subcontractor . . . ." See *Framingham Trust Co.* v. *Gould-Natl. Batteries, Inc.*, 307 F.Supp. 1008, 1011 (D. Mass. 1969), rev'd on other grounds, 427 F.2d 856 (1st Cir. 1970).

In summary, the agreements must be enforced as written. There is nothing in the insurance provisions of the general or subcontract which could constitute a waiver of the right of the owner, or its insurer, to recover from the subcontractor for fire damage. The judge's denial of the defendant's motion was proper. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*David A. White* for the plaintiffs.
*George M. Herlihy* for the defendant.