428 So.2d 325 (1983)
U.S. FIRE INSURANCE COMPANY, As Subrogee for Richard J. Bennett and Betty J. Bennett, Appellant,
v.
NORLIN INDUSTRIES, INC., Appellee.
No. AL-220.
District Court of Appeal of Florida, First District.
March 18, 1983.
Fred M. Johnson and Randolph P. Murrell, of Fuller & Johnson, Tallahassee, for appellant.
Robert P. Gaines, of Beggs & Lane, Pensacola, for appellee.
WIGGINTON, Judge.
Appellant appeals the trial court's judgment of dismissal of its action for damages against appellee. We affirm.
In its complaint, appellant alleged that Richard and Betty Bennett leased a building to appellee; that due to appellee's negligence, a fire damaged the building; and that pursuant to a policy of insurance issued to the Bennetts, appellant paid them the sum of $211,000 and obtained subrogation rights against appellee.
Paragraph 7 of the lease provides that the lessor agrees to maintain fire insurance on the building. Paragraph 11 provides for options on the part of the lessor and lessee in the event of fire damage. Paragraph 10 reads:
The lessee agrees to indemnify the lessor from any damage to the property or that *326 may be sustained by individuals as the result of injuries on the premises due to the negligence of the lessee. The lessee further agrees to carry liability insurance with minimum limits of $100,000 per person, $300,000 per accident with the said lessor being named as a co-insured on the policy.
Appellee filed a motion to dismiss contending that paragraphs 7 and 11 of the lease showed that the lessor (the Bennetts) agreed to procure and maintain for the benefit of both lessor and lessee (appellee) fire insurance coverage on the building and that, consequently, appellant is not entitled to recover from one of the beneficiaries of its insurance policy the amount it paid to the other beneficiaries of the policy. In opposition to the motion to dismiss, appellant argued that paragraph 10 of the lease imposes liability on appellee in this case.
The pivotal question on this appeal is whether appellee was an insured under the insurance contract in question. We conclude that it was. Smith v. Ryan, 142 So.2d 139 (Fla. 2d DCA 1962) and Housing Investment Corporation v. Carris, 389 So.2d 689 (Fla. 5th DCA 1980). In Smith, an owner and a contractor entered into a contract which provided that the owner would carry fire insurance on the premises and that the contractor would be a named insured in all policies. The owner did obtain fire insurance but she failed to have the contractor named as an insured on the policy. The contract further provided that if either party should suffer damage in any manner because of the wrongful act or neglect of the other party, the damaged party would be reimbursed by the other party. After a fire damaged the property, the insurance company paid the owner for losses and then brought suit against the contractor, alleging negligence. The court affirmed the trial court's summary judgment in favor of the contractor, declaring that the contract clearly required the owner to name the contractor as an insured in the fire insurance policy and that an insurer cannot maintain a subrogation suit against its own insured.
In Carris, the contract between a contractor and an owner provided that the owner would carry fire insurance. When fire, allegedly caused by the contractor's negligence, damaged the property, the insurance company paid the loss to the owner who filed a subrogation suit for the insurance company's benefit against the contractor for negligent performance. The court affirmed the trial court's summary judgment in favor of the contractor. In its opinion, the court found no meaningful difference in the intent of the contracting parties in the Smith case and in the Carris case even though in Carris, the contract between the owner and contractor did not require the owner to name specifically the contractor as a co-insured on the fire insurance policy. In Carris, the court found the fire insurance provision of the contract to be "a simple contract provision for which the contractor bargained for the purpose of shifting the risk from the parties onto an insurer." The court went on to say:
Although the contractor was not named as an insured, nor does the contract require this to be done, the contract insurance provision is valuable to the contractor for the very purpose this case exemplifies and serves to limit the owner to insurance proceeds even though the loss was caused by the negligence of the contractor.
Similarly, in the instant case, the obvious intent of the parties was to shift the risk of damages caused by fire to an insurer. Paragraph 10 of their contract does not defeat that intent. It merely constitutes an additional protection for the lessor that would apply in certain circumstances not at issue here. Therefore, since appellee qualifies as an intended beneficiary under the insurance policy, the trial judge was correct in dismissing appellant's subrogation suit against its own insured.
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.