DELL, Judge.
Hartford Accident and Indemnity Co., ap-pellee, brought a subrogation action against appellant to recover damages sustained by sixteen of its insureds as a result of fire damage to their boats. This appeal arises from a final judgment awarding ap-pellee damages and costs. We affirm.
Appellant owned and operated a marina which included a building for the storage of boats. A fire of unknown origin destroyed the building and the boats which it contained. After a non-jury trial, the trial court found appellant guilty of negligence which substantially contributed to the damage sustained by the boats insured by ap-pellee.
Ten of the sixteen boat owners had executed storage leases with appellant. The leases contained the following clauses:
Each boat owner will carry his own insurance on boats, cars and equipment. Therefore Lessee_agrees to hold Lessor (Conch Cove, Inc.) harmless and indemnify it for and against all loss, damage and/or liability of any kind or claimed by reasons of any act on the part of the Lessee or its agents, employees or guests in and about this agreement. Lessee, for himself, his heirs and assigns, hereby releases Lessor from any and all liability for loss or damage to Lessee’s boat, car, equipment or contents thereof, due to fire, theft, collision, windstorm, accident or like causes occurring to such boat, car, equipment or contents thereof.
Appellant interprets the foregoing provision as one requiring the boat owners to carry insurance for its benefit and argues that the indemnification and exculpation clauses bar any action by the boat owners for the loss of their boats. Appellant further reasons that if the boat owners cannot bring an action, then logically their insurers cannot maintain an action for subrogation. Appellant also contends that the record does not contain sufficient evidence for the trial court to find that it was guilty of active negligence which contributed to *770 cause the damage sustained by the boat owners.
At the outset, we have reviewed the record and find the evidence sufficient to support the trial judge’s conclusion that appellant’s negligence contributed to the loss and damage sustained by the boat owners.
Next, we reject appellant’s interpretation of the lease clause. In Ivey Plants, Inc. v. FMC Corp., 282 So.2d 205 (Fla. 4th DCA 1973), cert. denied, 289 So.2d 731 (Fla.1974), this court construed a similar lease clause:
“Damages. FMC [Lessor] shall not be liable to Lessee for loss, damage or injury to persons (including death) or to property (including citrus fruit) occasioned by or arising from the installation, ... and/or use of said equipment, or any part thereof, ... whether such damages result from the act or neglect of an officer, agent or employee of FMC or a third person; and Lessee shall indemnify, defend, and save harmless FMC from and against all liability, cost, or expense which may be sustained by or imposed by law upon FMC on account of any such loss, damage, or injury. FMC, in order to more fully effectuate these provisions, shall have the full benefit of any insurance that may be effected or carried by Lessee or any third person.”
282 So.2d at 207 (emphasis original).
The Ivey Plants court concluded that the exculpatory clause contained in the foregoing paragraph did not apply in an action predicated upon breach of contract. The court stated that it should only be applied to an action predicated on negligence when there was equality of the bargaining powers of the contracting parties. The court pointed out:
In regard to the application of the exculpatory clause which is intended to relieve the party of liability for his own negligence, such clauses while generally considered as valid and enforceable are not looked upon with favor.... No clear-cut rule can be adduced from the various decisions of the courts of this state or our sister states as to the circumstances when exculpatory clauses will not be enforced. Public policy as well as the relationships of the parties to each other have been considered as significant determining factors. For example, where the relative bargaining power of the contracting parties is not equal and the clause seeks to exempt from liability for negligence the party who occupies a superior bargaining position, enforcement of the exculpatory clause has been denied.
282 So.2d at 208 (emphasis original).
With respect to the indemnity clause, the court held that the intent to indemnify the indemnitee for his own negligence must be expressly provided for in the indemnity contract.
The Third District Court of Appeal reached the same conclusion in Tout v. Hartford Accident & Indemnity Co., 390 So.2d 155 (Fla. 3d DCA 1980):
[W]e prefer to rest our affirmance of this portion of the challenged order on the ground that a limitation of liability for one’s negligent acts cannot be inferred unless such intention is expressed in unequivocal terms.
Id. at 156.
The plain language of the exculpatory clause protects appellant from liability arising out of any act of the lessee or its agents. The indemnification clause merely releases the appellant from liability for loss or damage from certain specified sources of loss or damage such as fire, theft, collision, windstorm, accident or like causes. The damage caused by each of these specified sources could occur with or without the intervention of the appellant. Neither the indemnification clause nor the exculpatory clause here contains any language demonstrating an intention on the part of appellant to hold itself harmless or to exculpate itself from its own negligence. Appellant suggests in its reply brief that the absence of express exclusionary language from the lease provision occurred as a result of a typographical error. How *771 ever, appellant drafted the contract and any ambiguity must be construed against it. Shaw v. Bankers Life Co., 213 So.2d 514 (Fla. 3d DCA 1968).
Appellant also argues that the clause requiring the boat owner to carry insurance precludes the bringing of this subrogation action. Appellant misplaces its reliance on Fairchild v. W.O. Taylor Commercial Refrigeration & Electric Co., 403 So.2d 1119 (Fla. 5th DCA 1981). Although the court in Fairchild stated that the parties may shift liability to an insurer, the court went on to state that the intent to limit liability for one’s own negligence must be unequivocally expressed. Fair-child, citing Tout v. Hartford Accident and Indemnity Co., supra. We hold that the language of the lease before us is inadequate to demonstrate intent on the part of the parties to exculpate appellant from liability for its own negligence or to shift such liability to an insurer.
Finally, we find no error in the costs awarded appellee. Therefore, we affirm the judgment in favor of appellee in all respects.
AFFIRMED.
YAWN, THERON A., Jr., Associate Judge, concurs.
LETTS, J., concurs specially with opinion.