HENDRY, Judge.
Appellants, plaintiffs below, appeal a final judgment of the trial court denying plaintiffs’ complaint for money due on a promissory note and granting defendant’s counterclaim for lost profits on the basis of fraud and material misrepresentation. The issue on appeal is whether there was competent, substantial evidence to sustain the trial court’s finding of fraud and material misrepresentation. See Markham v. Fogg, 458 So.2d 1122, 1126 (Fla.1984); Strawgate v. Turner, 339 So.2d 1112 (Fla.1976); Southern Convalescent Home v. Wilson, 285 So.2d 404 (Fla.1973); Liebowitz v. Wright Properties, Inc., 427 So.2d 783, 784 (Fla. 4th DCA), rev. denied, 440 So.2d 352 (Fla.1983).
The facts, briefly stated, are as follows. Appellants, Jet Engine Support, Inc. (Jet Engine Support) and Michael Gabriel, its President, negotiated the sale of all the inventory in their warehouse to appellee, Jet Research, Inc. (Jet Research). Jet Research specializes in the sale of Allison aircraft engine parts. Negotiations took place during March, April and May of 1981. Testimony was offered at trial that Mr. Gabriel had told Robert Walls, Executive President for Jet Research, “[w]hen you come to my office you can inventory the business.” Testimony was also offered that in late March or early April of 1981, Mr. Walls and W. Jean Payne, Jet Research’s owner, went to Jet Engine Support’s warehouse to inspect the inventory. While they were inspecting the inventory and reviewing a cardex file maintained by Mr. Gabriel, Mr. Gabriel told Mrs. Payne, “[t]his cardex file may not be accurate.” Mr. Gabriel handed her an itemized inventory list of the Allison engine parts in the warehouse and stated, “[t]ake this and go around. This is a better list, it is a more accurate list. It is all there except what might have been a miscalculation.” Mrs. Payne and Mr. Walls did not use the Allison inventory list given them by Mr. Gabriel as they continued their inspection of the warehouse.
Jet Engine Support and Jet Research signed an asset purchase agreement on May 6, 1981. The agreement provided in part as follows:
I. Purchaser agrees to purchase, and Seller agrees to sell:
A. All the contents of the warehouses at 7442-7448 N.W. 55 Street, Miami, Florida (the “Warehouses”), including, but not limited to, aircraft parts, jet engines, fixtures, desks, chairs, reference books, shelving, file cabinets and general office equipment.
The agreement between the parties also provided that all representations therein would survive the closing, regardless of what investigation was made by Jet Research; no statement therein or otherwise furnished Jet Research would contain any untrue statement of a material fact; and Jet Research was to be indemnified against all losses, including attorney’s fees, resulting from any misrepresentation by the seller. The agreement provided for a purchase price of $225,000; $75,000 was to be paid on or before June 6, 1981 and the balance of $150,000 was payable pursuant to a promissory note.
Jet Research took possession of the inventory on May 6, 1981 and commenced payment on July 7, 1981. Jet Research repeatedly informed Jet Engine Support of shortages of assets in the warehouses from what the Allison inventory list had specified. On February 6, 1982 Jet Research made a payment on the promissory note, but ceased thereafter to make payments.
In July, 1982 Jet Engine Support and Mr. Gabriel sued Jet Research for money due on the promissory note. Jet Research raised an affirmative defense of failure of consideration and counterclaimed for breach of contract, material misrepresentation and fraud.
*339 A non-jury trial was held. Testimony was offered on behalf of Jet Research that it would not have purchased the assets in the warehouse but for the Allison engine parts listed in the inventory list given it by Mr. Gabriel. The trial court adjudicated that Jet Engine Support and Mr. Gabriel take nothing under their complaint.- On the counterclaim the court awarded Jet Research compensatory damages, less the principal balance of the note upon which Jet Engine Support sought relief, and further awarded punitive damages, finding that Jet Research had established material misrepresentation and fraud on the part of the appellants. The trial court also awarded attorney’s fees and costs in favor of Jet Research. Subsequently, Jet Engine Support and Mr. Gabriel brought this appeal.
We reverse the judgment entered against Jet Engine Support and Mr. Gabriel because the trial court’s finding of fraud and material misrepresentation is not supported by competent, substantial evidence, in that there was no showing of the element of reliance on the part of Jet Research.
The Florida Supreme Court has held that the requirements of actionable fraud are:
(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party.
Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984); see Johnson v. Davis, 449 So.2d 344 (Fla. 3d DCA 1984); Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983). The burden is on the one alleging fraud to prove it. Sponholtz v. Sponholtz, 190 So.2d 572 (Fla.1966). Material misrepresentation similarly requires a showing of reliance. Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (1927); Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982).
In the instant case there was no proof that Jet Research relied upon the Allison inventory list in making its decision to purchase the assets in the warehouse, other than testimony offered by appellee that it had relied upon the list in making its decision. The list was not referred to in the asset purchase agreement. Nor was the list used when appellee, through Mr. Walls and Mrs. Payne, made its own inspection of the assets in the warehouse. Furthermore, Mr. Gabriel had clearly indicated there might be errors in the list. Finally, Jet Research waited over a year from the date it took possession of the assets to seek some form of legal redress in regard to the discrepancy between the listed assets and those found in the warehouse. All this evidence contradicts the statement offered by appellee that it had relied upon the list in making its decision to purchase the assets in question.
Since the trial court’s finding of fraud and material misrepresentation is not supported by competent, substantial evidence, we find that the final judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
HUBBART, J., concurs.