480 So.2d 1333 (1985)
INSURANCE COMPANY OF NORTH AMERICA and United States Fire Insurance Company, Appellants,
v.
E.L. NEZELEK, INC., Appellee.
No. 84-1400.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
Rehearings and Rehearing Denied January 28, 1986.
*1334 Robert F. Jordan of Robert F. Jordan, P.A., Pompano Beach, and Cynthia L. Johnson of Conrad, Scherer & James, Fort Lauderdale, for appellants.
Betsy E. Gallagher of Talburt, Kubicki, Bradley & Draper, Miami, for appellee.
Rehearings and Rehearing En Banc Denied January 28, 1986.
BARKETT, Judge.
This is an appeal of a summary judgment entered in favor of appellee E.L. Nezelek, Inc. (Nezelek), and against the appellant insurance companies. We affirm.
In 1979, Nezelek, a general contractor, entered into a contract with Montwood, Inc. (Montwood), the owner of the Woodmont Country Club in Tamarac, Florida. The contract required Nezelek to build an addition to an existing clubhouse structure owned by Montwood. At the end of 1979, the addition was nearly complete. A temporary certificate of occupancy was issued so that the club could be used for a New Year's Eve party. Early on January 1, 1980, a fire of unknown origin caused extensive damage to the original clubhouse, to the addition, and to the personal property of many club members. The damage from the fire totaled approximately $3,000,000.
The appellant insurance companies paid for the damage caused by the fire pursuant to insurance policies in effect between Montwood and the two companies at the time of the fire. Appellants then brought this subrogation action against Nezelek, alleging that the addition to the clubhouse had been negligently constructed, and that this negligent construction was a proximate cause of the damage sustained by appellants' insured.
The trial court correctly determined that the construction contract shifted the responsibility for damages caused by fire from the contractor to the insurers. The contract between the parties provided:
11.3 PROPERTY INSURANCE
11.3.1 Unless otherwise provided, the Owner shall purchase and maintain property insurance upon the entire Work at the site to the full insurable value thereof. This insurance shall include the interests of the Owner, the Contractor, Subcontractors and Sub-subcontractors in the Work and shall insure against the perils of fire and extended coverage and shall include "all risk" insurance for physical loss or damage including, without duplication of coverage, theft, vandalism and malicious mischief.
... .
11.3.6 The Owner and Contractor waive all rights against (1) each other and the Subcontractors, Subsubcontractors, agents and employees each of the other, and (2) the Architect and separate contractors, if any, and their subcontractors, sub-subcontractors, agents and employees, for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to this Paragraph 11.3 or any other property insurance applicable to the Work, except such rights as they may have to the proceeds of such insurance held by the Owner as trustee. The foregoing waiver afforded the Architect, his agents and employees shall not extend to the liability imposed by Subparagraph 4.18.3. The Owner or the Contractor, as appropriate, shall require of the Architect, separate contractors, Sub-contractors and Sub-subcontractors by appropriate agreements, written where legally required for validity, similar waivers each in favor of all other parties enumerated in this Subparagraph 11.3.6.
... .
11.4 LOSS OF USE INSURANCE
11.4.1 The Owner, at his option, may purchase and maintain such insurance as will insure him against loss of use of his *1335 property due to fire or other hazards, however caused. The Owner waives all rights of action against the Contractor for loss of use of his property, including consequential losses due to fire or other hazards however caused, to the extent covered by insurance under this Paragraph 11.4. [Emphasis supplied.]
Appellants suggest that we treat these provisions solely as attempted exculpatory clauses which fail because of the lack of an express waiver of liability for negligence under the authority of Van Tuyn v. Zurich American Insurance Co., 447 So.2d 318 (Fla. 4th DCA 1984). We do not find this case applicable. Neither Van Tuyn nor any other case cited by appellants to support this argument involved insurance purchased specifically to protect the parties pursuant to their bargain or contract. The trial court correctly read these provisions as imposing an affirmative duty on the owner to purchase insurance for the benefit of the contractor which makes him an "insured" under the policy. U.S. Fire Insurance Company v. Norlin Industries, Inc., 428 So.2d 325 (Fla. 1st DCA 1983); Fairchild, State Farm Fire and Casualty Company v. W.O. Taylor Commercial Refrigeration and Electric Co., 403 So.2d 1119 (Fla. 5th DCA 1981); Housing Investment Corporation v. Carris, 389 So.2d 689 (Fla. 5th DCA 1980). Because an insurance company cannot maintain a subrogation action against its own insured, appellants may not seek recovery from Nezelek for any damage covered by an insurance policy that Montwood was contractually required to obtain. See, e.g., Norlin Industries, Inc., 428 So.2d at 326; Smith v. Ryan, 142 So.2d 139 (Fla. 2d DCA 1962).
Appellants' other points on appeal need not be discussed.
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN, J., concur.