563 So.2d 776 (1990)
Ruth YANKS and Jack Yanks, Appellants,
v.
Philip BARNETT, Trustee, Appellee.
No. 89-2365.
District Court of Appeal of Florida, Third District.
June 19, 1990.
Rehearing Denied July 27, 1990.
*777 Charles L. Neustein, Miami Beach, for appellants.
Hodgson, Russ, Andrews, Woods & Goodyear and Larry Corman, Boca Raton, for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
PER CURIAM.
The appellants, Ruth and Jack Yanks [hereinafter, the buyers], appeal the trial court's order granting the appellee's motion for a judgment in accordance with the motion for directed verdict. We affirm.
The appellee, Philip Barnett, Trustee [hereinafter, the seller], sold an apartment complex to the buyers. The buyers executed a mortgage in favor of the seller. The seller brought an action to foreclose the mortgage. The buyers counterclaimed alleging: (1) fraudulent or negligent misrepresentation relating to income, operating expenses, and the existence of water and sewer lines; (2) intentional or tortious interference with a contractual relationship; (3) breach of contract in that the seller agreed to facilitate a smooth transfer of the property and operation, but instead had all the utilities turned off; and (4) diminution of value as a result of the removal of plants and shrubbery.
The trial court severed the foreclosure action from all counts contained in the counterclaim. The counterclaim was tried before a jury. The jury awarded $1,700 in damages to the buyers on their claim that the seller made negligent misrepresentations regarding the existence of sewer lines. The jury also awarded the buyers $10,000 in compensatory damages and $170,000 in punitive damages on their claim that the seller had fraudulently misrepresented the gross income of the apartment complex and that the misrepresentation induced them to purchase the property. Finally, the jury awarded the buyers $600 on the breach of contract count which alleged that the seller had improperly terminated utility services at the apartment complex. On the remaining claims, the jury found in favor of the seller.
The seller moved for a judgment in accordance with the motion for directed verdict. The trial court granted the motion. A trial court may grant a motion for directed verdict "only if there is no evidence or reasonable inferences to support the opposing position." Stirling v. Sapp, 229 So.2d 850, 852 (Fla. 1969); see also Tanenbaum v. Biscayne Osteopathic Hosp., Inc., 173 So.2d 492, 494 (Fla. 3d DCA 1965), certified question answered, 190 So.2d 777 (Fla. 1966) ("trial court may direct a verdict upon a mixed question of law and fact whenever the facts, as presented to the jury, upon their most favorable interpretation to the party moved against are susceptible of only one reasonable conclusion.").
In order for a jury to find that there was a negligent misrepresentation, the jury must find, inter alia, that the misrepresentation was material and that the person alleging the misrepresentation relied on the misrepresentation. See Insurance Co. of N. Am. v. E.L. Nezelek, Inc., 480 So.2d 1333 (Fla. 4th DCA), review denied, 491 So.2d 279 (Fla. 1986). In the present case, the verdict form clearly reflects that the jury found that the misrepresentation was not material and that the buyers had not relied upon this misrepresentation in executing the contract. Thus, the trial court did not err in setting aside this portion of the jury's verdict.
Additionally, we find that the trial court did not abuse its discretion in setting aside the jury's verdict as to the fraudulent misrepresentation claim. In order for a plaintiff to prevail on a claim for fraudulent misrepresentation, he must prove that: (1) the defendant knowingly made a false statement; (2) the false statement was material; *778 (3) the person making the false statement made the statement with the intent that the representation would induce another to act on it; and (4) the plaintiff was injured as a result of relying on the false statement. Jet Engine Support, Inc. v. Jet Research, Inc., 474 So.2d 337, 339 (Fla. 3d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986); see also Uvanile v. Denoff, 495 So.2d 1177 (Fla. 4th DCA 1986), review dismissed, 504 So.2d 766 (Fla. 1987). Upon review of the record, we find that the buyers failed to present competent evidence to support their claim for fraudulent misrepresentation. Therefore, the trial court did not err in setting aside the jury's verdict as to this claim.
Finally, the trial did not err in setting aside the jury's verdict as to the claim for breach of contract as a result of the seller improperly terminating utility services at the apartment complex. Once again, upon review of the record, we find that the buyers failed to present competent evidence to support their claim.
Affirmed.