PER CURIAM.
This is an appeal by the plaintiff Pius Affolter from two post-trial orders which (1) grant the defendant Virginia Key Marina’s motion for new trial, and (2) grant the defendant Virginia Key Marina’s motion for a directed verdict, in an action sounding in negligence and breach of a bailment contract arising out of an alleged theft of personal property aboard the plaintiff’s vessel while the vessel was stored at the defendant’s marina. We have jurisdiction to review the order granting a new trial, see Art. V, § 4(b)(1), Fla. Const.; Fla. R.App.P. 9.130(a)(4), but no jurisdiction to review the order granting a motion for directed verdict, as it is not a final order nor an appealable non-final order, see Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a); see BCH Mechanical, Inc. v. McCoy, 584 So.2d 1067 (Fla. 5th DCA 1991); Nolan’s Towing & Recovery v. Marino Trucking, Inc., 581 So.2d 644 (Fla. 3d DCA 1991); Brickell Station Towers, Inc. v. JDC (America) Corp., 564 So.2d 132 (Fla. 3d DCA 1990). Accordingly, we dismiss the appeal from the order granting the motion for a directed verdict, although our disposition on the appeal from the order granting a new trial will require the trial court to vacate its directed verdict order in any event.
The remaining order under review grants the motion for new trial without discussion and, thus, we may assume that the trial court was persuaded that one or more grounds stated in the motion for new trial had merit. We cannot agree.
First, the motion for new trial argues that the exculpatory clause in the storage/bailment contract between the parties insulated the defendant from any liability for the defendant’s own negligence in safeguarding the defendant’s vessel and its contents, and that accordingly the plaintiff could not recover from the defendant for *1298 the latter’s negligence when personal property was stolen from the plaintiffs vessel while in storage in the defendant’s marina. This ground for new trial has no merit because, simply stated, the exculpatory clause in the storage/bailment contract does not expressly exculpate the defendant for its own negligence in safeguarding the plaintiff's vessel and its contents; the law is well settled that there must be an express provision to that effect in such an exculpatory clause in order to bar a subsequent negligence suit against the bailee, as such clauses are not ordinarily favored by the law. See University Plaza Shopping, Inc. v. Stewart, 272 So.2d 507 (Fla.1973); Eller & Co. v. Galapagos Line, S.A., 493 So.2d 1061 (Fla. 3d DCA 1986), rev. denied, 504 So.2d 766 (Fla.1987); Mankap Enter., Inc. v. Wells Fargo Alarm Serv., 427 So.2d 332 (Fla. 3d DCA 1983); 41 Am.Jur.2d Indemnity § 15, at 700 (1968).
Second, the motion for new trial argues that the storage/bailment agreement required the plaintiff to carry insurance for his vessel and its contents which, it is said, shifted the risk of loss of the contents of the vessel to the plaintiff’s insurance carrier without regard to the defendant’s negligence. This ground for new trial has no merit because, simply stated, there is no such clause in the subject contract. The only reference to insurance in the contract (“Owner to have their own insurance cover.”) is far too vague to have required the plaintiff to secure theft insurance on the plaintiff’s vessel and its contents. See Conch Cove, Inc. v. Hartford Accident & Indem. Co., 473 So.2d 768 (Fla. 4th DCA 1985); Fairchild v. W.O. Taylor Commercial Refrigeration & Elec. Co., 403 So.2d 1119 (Fla. 5th DCA 1981); Tout v. Hartford Accident & Indem. Co., 390 So.2d 155 (Fla. 3d DCA 1980); Housing Inv. Corp. v. Carris, 389 So.2d 689 (Fla. 5th DCA 1980).
Finally, the motion for new trial argues that the trial court erred in instructing the jury that exculpatory clauses are not favored by the law. The defendant, however, did not object to this instruction at trial and consequently the instruction cannot constitute a ground for new trial unless the giving of same constituted a fundamental error. Rety v. Green, 546 So.2d 410, 422 (Fla. 3d DCA), rev. denied, 553 So.2d 1165 (Fla.1989); Sears Roebuck & Co. v. Jackson, 433 So.2d 1319, 1322-23 (Fla. 3d DCA 1983). No such fundamental error, however, is presented by this instruction; indeed, no error at all is shown by the instruction. The exculpatory clause in the storage/bailment contract was inapplicable to this case for reasons previously stated; the instruction to, in effect, disregard the exculpatory clause was therefore entirely proper.
We reverse the order granting a new trial in this case and remand the cause to the trial court with directions to (1) enter a judgment for the plaintiff based on the jury verdict returned in his favor below, and (2) vacate the post-trial order granting a directed verdict for the defendant.
Reversed and remanded.