SCHWARTZ, Chief Judge.
The Gap, a tenant at a shopping center, sued the landlords and the upstairs tenant for water damage to its merchandise which was allegedly caused by the negligent maintenance of the common areas and the adjacent premises. We agree with the trial court that the actions were barred by the mutual waiver provisions of the lease:
9.08 Waiver. Landlord and tenant each hereby waives any and all rights of recovery against the other or against any other tenant or occupant of the Complex or against the officer, employees, agents, representatives, customers and business visitors of such other party or of such other tenant or occupant of the Complex,/or loss of or damage to such waiving party or its property or the property of others under its control, arising from any cause insured against or required to be insured against under the standard form of fire insurance policy with all permissible extension endorsements covering additional perils or under any other policy of insurance carried by such waiving party in lieu thereof. Tenant shall obtain and furnish evidence to landlord of the waiver by Tenant’s Fire and Extended Coverage carrier of any right of subrogation against landlord. [e.s.]
9.05 Fire Insurance-Fixtures and Equipment. Tenant, at all times during the term hereof and at Tenant’s cost and expense, shall maintain in effect policies of insurance covering Tenant’s fixtures and equipment located on the demised premises, in an amount not less than Ninety (90%) Percent of their actual cash value, providing protection against any peril included within the classification “Fire and Extended Coverage”_ So long as Tenant is The Gap, Inc., Tenant may self-insure the risks set forth in this paragraph 9.05.
See Insurance Co. of N. America v. E.L. Nezelek, Inc., 480 So.2d 1338 (Fla. 4th DCA 1985), review denied, 491 So.2d 279 (Fla.1986); United States Fire Ins. Co. v. Norlin Industrs., Inc., 428 So.2d 325 (Fla. 1st DCA 1983); Fairchild ex rel. State Farm Fire & Casualty Co. v. W.O. Taylor Commercial Refrigeration & Elec. Co., 403 So.2d 1119 (Fla. 5th DCA 1981); Housing Inv. Corp. v. Carris, 389 So.2d 689 (Fla. 5th DCA 1980); Smith v. Ryan, 142 So.2d 139 (Fla. 2d DCA 1962). The cases cited by The Gap, which deal with the quite different problem of the validity and scope of provisions indemnifying against third party actions, do not apply. See Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487 (Fla.1979); University Plaza Shopping Ctr., Inc. v. Stewart, 272 So.2d 507 (Fla.1973).
Affirmed.